C. A. ZACHARY'S ADMR. *v.* S. & M. E. HICKS.

[Abstract Kentucky Law Reporter, Vol. 7—756.]

**Statute of Limitations.**

Actions for relief on the ground of fraud or mistake must be commenced within five years next before the cause of action accrues, and the cause accrues upon the discovery of the fraud or mistake; but in no case can an action of this character be begun after ten years from the date of the perpetration of the fraud.

**Diligence in Discovering Fraud.**

The fact that a plaintiff does not discover a fraud until just before he begins his action for relief against it is not sufficient to defeat the defense of the statute of limitations, but he must be able to show that he could not sooner have discovered the fraud by the use of ordinary diligence.

APPEAL FROM PULASKI CIRCUIT COURT.

April 1, 1886.

OPINION BY JUDGE PRYOR:

Assuming for the purposes of this case that the conveyance to the wife of Hicks was fraudulent, and the erection of the improvement

on the premises equally as much so, still, as between the husband and wife, it is the wife's property and the chancellor can only subject the estate or its rental to the payment of appellant's debt on the ground that it was fraudulent as to debts then in exisence. Whether actual or constructive fraud entered into the conveyance is not necessary to be considered, as in either case the statute of five years applies. This court in *Cotton v. Brown,* 11 Ky. Opin. 573, held that the statute of limitations applied to voluntary conveyances as well as to those where actual fraud was alleged and proved, and that case was followed by *Phillips v. Shipp,* 81 Ky. 436, 438, 554, 5 Ky. L. 460. Actions for relief on the ground of fraud or mistake must be commenced within five years next before the cause of action accrues, and by another section of the statutes the cause of action shall not be decreed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or perpetration of the fraud. Gen. Stat. 1883, ch. 71, art. 2, 3, § 6. The statute of five years is pleaded as a bar to the recovery and must be held as a perfect defense unless the appellant, who is alleging the fraud, shows that his cause of action did not accrue from the perpetration of the fraud, but from its discovery. When the conveyance and the expenditure for the improvements was made five years before the suit was brought attacking these acts of the husband and wife as fraudulent, the pleas of the five-year statute must must prevail unless it is avoided by a replication showing that the action was brought within five years after the discovery of the fraud; and when such an avoidance of the five-year statute becomes necessary, the burden of showing that fact, viz., the failure to discover the fraud, is on the party charging the fraud.

The mere fact that the creditor had not discovered the fraud until he instituted his action is not sufficient to defeat the effect of the five-year statute; but he must establish a state of facts showing that he could not with ordinary diligence have discovered the fraud, so as to prevent the accruing of the five-year statute. Five years as was said by this court in *Louisville v. Anderson,* 79 Ky. 334, was deemed by the legislature a sufficient time to enable a party to ascertain that fraud had been practiced by others affecting his rights; but seeing that facts and circumstances might exist preventing a party from discovering the fraud or mistake within that period,

the time was extended so as to make the cause of action accrue from the discovery of the fraud. The party defrauded must, however, show some diligence in asserting his rights, so as to avail himself of this extension of the statutes; and the mere fact that he did not know of the conveyance is insufficient for that purpose. The conveyance to the wife in this case was made in 1877, and the improvements made in January and February, 1878. It is manifest that the greater part of the consideration was paid by the wife or out of her means; but it is equally apparent that the sum due by the husband to the wife was increased to a much larger sum than his real indebtedness to her when this money was expended by her husband.

The conveyance to the property was recorded in the same town in which the creditor lived. He (the creditor) was then county judge and took the note while the improvements were being made on the lot. He died in 1879 and this suit was not instituted until April, 1884. There is no affirmative proof whatever on the part of the appellant conducing to show that he had no means of discovering this fraud, if any was practiced upon him, or that any fact existed that prevented him as an ordinarily vigilant man in business affairs from discovering the deed to the wife and the improvements that were being placed on the lot; but, on the contrary, the deed was of record and the property in possession of these parties and the improvements made in the very presence of the creditor and those representing him.

Nor is this a voluntary conveyance. It is certain that a consideration passed from the husband to the wife, and that the deed was of record. No concealment seems to have been made. The improvements on the lot were, of course, known to the people of the town; it was intended for a hotel and afterwards used for that purpose. The appellees, before they moved into their new house or hotel, occupied or rented the hotel owned by the appellant, and every opportunity was afforded him of ascertaining the pecuniary condition of the party and the manner in which they were holding the property in controversy. It may be difficult for the appellant to show when he (either the intestate or his representative), discovered the fraud, but it is not difficult to demonstrate from the facts in this case that a creditor of ordinary vigilance could have discovered without much effort the title to this property and upon in-

quiry could have ascertained how the improvements were being paid for.

It is urged that the burden is upon the appellees to show that the discovery was made by the appellant or his intestate at a period which when applied to this case would make the bar complete. This would be requiring the party charged with the fraud to make out by proof the plaintiff's cause of action. He says the transaction was fraudulent, and the reason he failed to bring his suit within the five years was because he did not discover the fraud. Now his plea in avoidance he must sustain, but if the burden was on the appellees the facts show an entire absence of diligence on the part of the appellant in presenting his claim.

Judgment *affirmed*.

*Morrow & Newell, for appellant.*

*O. H. Waddle, for appellees.*

[Cited, *Cotton v. Brown*, 9 Ky. L. 116, 4 S. W. 294; *Woods v. James*, 87 Ky. 518, 9 S. W. 513; *Cavanaugh v .Britt*, 90 Ky. 278, 12. Ky. L. 204, 13 S. W. 922; *Exchange Bank v. Trimble*, 108 Ky. 234, 56 S. W. 156.]